# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8894 | **DATE** | 10/10/2012 |
| **CASE TITLE** | Super Pawn Jewelry & Loan vs. Brewer et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the notice of motion and status hearing date of 10/11/2012 is stricken. The Court grants Plaintiff's motion for extension of time [100] and directs the parties as follows: Plaintiff will respond to all pending motions to dismiss no later than 10/16/2012; there will no extensions of that date absent extraordinary and unforseen circumstances; replies in support of the motions to dismiss will be due no later than 11/6/2012. In view of this schedule, Plaintiff's earlier motions for extension to time and/or to continue [74, 94] are stricken as moot. The motion of Defendants Quicksilver and Sinderman for extension of time to obtain counsel [92] is granted; Defendants Quicksilver and Sinderman are given until 10/16/2012 to obtain counsel and until 11/6/2012 to answer or otherwise plead. Defendant TD Ameritrade's motion for extension of time to respond to Plaintiff's amended complaint and to serve initial disclosures [97] is granted. Defendant Weaver & Martin's request for sanctions [89] is denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

The docket in this case has been abuzz with activity. Early on in the matter, controversy ensued over Plaintiff's lead counsel, Mr. Ouriel [see 44], which led him to file a motion to withdraw [81]. This motion remains under advisement with Magistrate Judge Schenkier. There are several pending motions to dismiss in this case [51, 57, 58, 59]. Briefing schedules were set on those motions [56, 68], but Plaintiff failed to file its response briefs in a timely fashion.

Instead, Plaintiff filed a motion for extension of time [74]. Plaintiff also later filed and noticed a motion for continuance before Judge Schenkier [86, 87], which Judge Schenkier struck without prejudice and directed Plaintiff to re-notice before this Court. [See 91]. Plaintiff complied with this order. [94, 95]. Defendants Quicksilver Stock Transfer LLC and Alan Shinderman (identified as "Sinderman" in the caption and throughout the docket but self-identified as "Shinderman" in his sole filing [92]) also have moved for an extension of time to retain counsel and respond to Plaintiff's amended complaint [92], but failed to notice their motion for a date certain as required by the local rules. In view of all of these scheduling irregularities, the Court set this matter for a status hearing on 10/11/2012. [93]. Subsequently, counsel for Plaintiff and counsel for several (but not all) of the Defendants who have appeared entered into a stipulation with a proposed schedule for the motions to dismiss involving those parties. [99]. They propose a briefing schedule pursuant to which Plaintiff's responses to the motions to dismiss would be due on 10/8/2012 and Defendants' replies would be due on 10/29/2012. As suggested by Defendant Weaver & Martin's response [89] to Plaintiff's now-stricken but renewed motion to continue [86, 87], and Plaintiff's most recent motion for extension of time [100], Plaintiff and Defendant Weaver

**STATEMENT**

& Martin have not come to an accommodation on a briefing schedule for Weaver & Martin's motion to dismiss.

In light of the filings now on the docket, the Court can accomplish its objective of bringing order to the current situation without the need for the parties to appear for a status hearing. In short, the Court agrees with Judge Schenkier's assessment that to date Plaintiff's counsel are largely responsible for the "confusion and sloppiness" reflected in the missed deadlines noted above, but concludes that denying Plaintiff's request and thus validating Defendant's "opportunistic attempt to reap advantage," is not warranted at this time. [See 91]. If Plaintiff is unable to get its act together, it may face sanctions up to and including dismissal for want of prosecution. However, at this relatively early stage of the case, denying Plaintiff an opportunity to respond to a motion to dismiss would be too severe a sanction. Thus, Plaintiff's motion for extension of time to file a response to Defendant Weaver & Martin's motion to dismiss [100] is granted and Weaver & Martin's request for sanctions in the amount of the costs of preparing its response [89] is denied.

The Court directs the parties as follows: Plaintiff will respond to all pending motions to dismiss no later than 10/16/2012; there will no extensions of that date absent extraordinary and unforseen circumstances; replies in support of the motions to dismiss will be due no later than 11/6/2012. In view of this schedule, Plaintiff's earlier motions for extension to time and/or to continue [74, 94] are stricken as moot. The motion of Defendants Quicksilver and Shinderman for extension of time to obtain counsel [92] is granted; Defendants Quicksilver and Shinderman are given until 10/16/2012 to obtain counsel and until 11/6/2012 to answer or otherwise plead. Defendant TD Ameritrade's motion for extension of time to respond to Plaintiff's amended complaint and to serve initial disclosures [97] is granted. Defendant Weaver & Martin's request for sanctions [89] is denied. Status hearing and notice of motion date of 10/11/2012 is stricken and no appearances are necessary on that date.